UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RAUL NUNEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CV-10 TS |
| | ) | |
| CHUCK PADGETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Raul Nunez, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . .

> claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 550 U.S. —, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 127 S. Ct. at 1964–65 (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> [a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson*, 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

### A.   Complaint Allegations

Nunez asserts his constitutional rights were violated by police officers who threatened, assaulted, and battered him while he was housed at the Decatur County Jail. He also suggests that

he was discriminated against because of his ethnicity. In support of these charges, Nunez relates that he and another jail inmate, Nathan Romine, were discussing sexually explicit images of the Chief Deputy Sheriff's daughter that Nunez claimed to have seen. This conversation, which Nunez characterizes as private, took place while he and Romine were being returned to the jail after appearing in court. At the jail, Nunez told the same story about the young woman to one of the officers, Kevin McIntosh. When he heard it, Officer McIntosh cursed the Plaintiff and Romine while escorting them to their cell block, and warned that he would make both inmates' lives in the jail "hell." Shortly afterwards, the Chief Deputy, Dave Gaunt, approached Nunez and asked to speak with him in a hallway. Once in the hallway, Chief Deputy Gaunt demanded that Nunez tell him what he had told Officer McIntosh. Whenever Nunez tried to speak, however, the Chief Deputy repeatedly interrupted, yelling verbal threats, and warning the Plaintiff not to talk about his family. As the Chief Deputy shouted, Nunez felt spit on his face. At one point, the officer "bumped" his chest into Nunez's. As a result of these confrontations, Nunez says he has to fear for his life while he is held at the jail.

**B.    Excessive Force and Verbal Harassment**

Nunez alleges that Deputy Chief Haugh "bumped" his chest into him. While the officer yelled at him, Nunez felt spit on his face. Nunez does not allege that he suffered any physical injury as a result of these contacts. Although the Eighth Amendment applies only to persons convicted of crimes and although the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the

3

same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (citations and quotation marks omitted).

Even if the Chief Deputy bumped him intentionally, this use of force was *de minimis*, was not repugnant to the conscience of mankind, and does not state a claim. So too, being sprayed in the face with another's spittle while they are yelling is offensive but, in this context, not actionable. *See, e.g., DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (agreeing with district court's ruling that "a correctional officer spitting upon a prisoner does not rise to the level of a constitutional violation").

Nunez alleges that Officer McIntosh as well as the Chief Deputy verbally threatened and shouted various invectives at him because he made comments about the Chief Deputy's daughter. The officers' behavior, while reactionary and perhaps penologically ineffective, did not violate Nunez's constitutional rights. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). These claims will be dismissed.

**C.     Discrimination**

Nunez asserts that he was denied equal protection because of "national origin discrimination, color, race, racial discrimination." The Fourteenth Amendment's guarantee of

4

equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity. *Harris v. McRae*, 448 U.S. 297, 322 (1980); *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982). Nunez does not contend the officers' actions were racially motivated, or that "non-hispanic" jail inmates, who shared sexually explicit stories about the Chief Deputy's daughter were treated differently. Rather, the sole basis identified for his equal protection claim is that Officer McIntosh is "non-hispanic." The mere fact the officer may belong to a race different from Nunez is not enough to show his actions were discriminatory. The constitution is not violated where a person simply is treated unfairly as an individual. *Travtvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir. 1990) (citing *Huebschen v. Dep't of Health and Social Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983)). Nunez does not state a claim under the equal protection clause.

The named defendant, Chuck Padgett, is identified as the Sheriff of the Adams County Jail. Because Nunez does not accuse the sheriff of being personally involved in or aware of the alleged improper conduct, he apparently is attempting to proceed against Sheriff Padgett solely due to his position. Even if Nunez stated a valid claim against the other officers, the sheriff would not be liable for their actions. The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for a subordinate's conduct that violates a plaintiff's constitutional rights. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted).

For the foregoing reasons, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1). Nunez is still responsible to pay the filing fee.

SO ORDERED on April 11, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT